### GROSS v. GROSS.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. INFANTS (§ 78*)—ACTIONS AGAINST—GUARDIAN AD LITEM—NECESSITY FOR APPOINTMENT.

On suit to dissolve a partnership and for an accounting, the court could not require the infant defendant to pay money to the receiver, where no guardian had been appointed as required by Code Civ. Proc. § 471, and hence the infant was not punishable for contempt in refusing to obey the order.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 78.*]

2. PARTNERSHIP (§ 77*)—PROPERTY—SALE BY PARTNER—EFFECT.

Each partner is vested with the title to firm property, and a sale by one of a part of it and receipt of the proceeds is not a conversion.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 125; Dec. Dig. § 77.*]

3. PARTNERSHIP (§ 325*) — PROPERTY · IN PARTNER'S HANDS — RIGHTS OF RECEIVER.

A receiver of ·a partnership was entitled to all the firm property in the hands of either partner, but no order could be made requiring one partner to turn over firm property until it appeared that any was in ·his possession, and that he received property and had disposed of ·it would not justify the court, before final judgment, in ordering him to return and in enforcing the order by contempt proceedings; it being required that the equities be settled on the accounting ·and the amount due from one partner to another be determined by the final judgment, which must be enforced by execution.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 325.*]

Appeal from Special Term.

Action by Charles Gross against Bernard Gross. From an order adjudging defendant guilty of contempt and requiring certain payment, defendant appeals. Reversed, and motion denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Wesselman & Kraus, for appellant.

INGRAHAM, J. This action was commenced for the dissolution of a copartnership and for an accounting. Plaintiff asked as relief that a receiver be appointed and that defendant turn over to such receiver the sum of $1,150, received by him as the proceeds of a sale of copartnership property. The defendant admits the copartnership, and seems to admit the sale of the copartnership property without the consent of the plaintiff, but denies that he kept the proceeds of the sale and failed to account to the plaintiff for any part or portion of the same, and then alleges that he is an infant. The plaintiff made a motion for a receiver of the copartnership property, and that motion was on April 21, 1908, granted, the plaintiff was appointed receiver, and in that order the defendant was ordered to pay to the receiver all moneys received by him from the sale of any partnership property. Subsequent to that order plaintiff made a motion for an order directing the defendant to pay to the receiver the sum of $1,150, which it appears he admits he has received from a sale of the copartnership property, or be punished for a contempt of court for failure to comply with the terms of the order appointing the receiver, which directed him to pay over to the receiver the proceeds of the property in his hands. It seems that a copy of the order appointing the receiver was served upon the defendant on May 15, 1908, and that the defendant had failed and refused to comply with its terms; that the plaintiff demanded of the defendant that he repay the money required to be paid by the order appointing the receiver; and that the defendant refused to pay. Defendant interposed an affidavit in answer to this application, alleging that he is under the age of 21 years; that he was sued, without the appointment of a guardian ad litem, and, although the notice of motion for the appointment of a receiver was served upon him, he was entirely inexperienced in legal proceedings and made no opposition to the motion; that, as he was an infant, he was advised that the service of the papers was incomplete and irregular; and that he therefore allowed the time to go by without seeking the advice of counsel. He further swears that he has disbursed this money so received from the sale of the property among the creditors of the copartnership, and that he has no part of the sum of $1,150 received from such sale of the property.

The entry of the order requiring the defendant to pay this sum of money was irregular, in that the action was against an infant, and a guardian ad litem had not been appointed. By section 471 of the Code of Civil Procedure it is provided that an infant defendant must appear by guardian, who must be a competent and responsible person appointed upon the application of the infant. I think it is clear, therefore, that no order could be made in an action against the infant until the infant was properly before the court by a guardian ad litem. The summons and complaint were served upon this infant defendant, and the fact that the defendant was an infant was evidently concealed from the court, and the order obtained upon the assumption that the defend-

ant was an adult. The infant not being before the court, the court had no jurisdiction to make the order requiring the infant to pay this sum of money to the receiver, and there was therefore no foundation for an application to punish the infant for a contempt in refusing to obey the order. If the order directing the infant to pay this sum of money was before the court for review, I do not think it could be sustained. The complaint alleges the sale of the copartnership property by the infant and the receipt of that sum, and the relief demanded in the complaint is the recovery of that sum from the infant. Each partner was vested with the title to the firm property, and the sale by one copartner of a portion of the firm property and the receipt of the proceeds of the sale was not a conversion of the property; nor was the other partner entitled as a matter of right to compel his copartner to turn over to him the firm property in his hands. When a receiver was appointed, the receiver was entitled to all the firm property in the hands of either copartner; but no order could be made requiring one partner to turn over property of the firm until it appeared that that property was in the possession of one of the partners. The fact that a partner had received property or money of the firm, and had disposed of it or spent it, would not justify the court, before final judgment, in ordering him to return or repay it to the receiver, and enforce such an order by contempt proceedings. The equities are to be settled on the accounting, and the amount due from one co-partner to another is to be determined by the final judgment, which must be enforced by execution. There was no evidence before the court, when this order was granted, that any property of the copartnership was in the actual possession of the defendant, and no order, therefore, requiring the defendant to turn this property over to the receiver, was proper. But, as the court was without jurisdiction to grant any order against the defendant until he appeared by guardian ad litem, the order could not be the basis of a proceeding to punish the defendant for contempt.

The order appealed from must therefore be reversed, with $10 costs, and the motion denied, with $10 costs. All concur.